Estate of Clarence S. Herter, Deceased, Louise K. Herter, Executrix v. Commissioner.
Estate of Clarence S. Herter, Deceased v. Commissioner
Docket No. 26539.
United States Tax Court
1954 Tax Ct. Memo LEXIS 249; 13 T.C.M. (CCH) 298; T.C.M. (RIA) 54105; March 31, 1954
Neilson Olcott, Esq., for the petitioner. Ellyne E. Strickland, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner determined a deficiency in estate tax in the amount of $414,505.33, and 5 per cent of the tax has been added thereto under section 3612(d)(1) of the Code in the amount of $20,725.27. The only question to be decided is the fair market value on the date of death of the decedent of his undivided interest in a piece of improved real property. Certain issues raised by the pleadings have been disposed of by the parties through stipulations filed with the Court. Effect will be given to the stipulations under a Rule 50 recomputation. Findings of Fact The stipulation *250 of the parties is adopted and made part of the Findings of Fact; the facts stipulated are so found; and the stipulation is incorporated herein by this reference. Charles S. Herter, deceased, of the City and State of New York, died on March 14, 1945. Louise K. Herter is the duly appointed executrix of the estate, having been appointed by the Surrogate's Court, New York County, New York, on May 22, 1945. The estate tax return was filed with the collector for the third district of New York. The parties are agreed as follows: (1) The decedent owned an undivided interest of 29 per cent in improved real estate located at 902 Broadway, New York City, at the time of his death. (2) There should be included in the decedent's gross estate the sum of $50,000 which is the value at the date of decedent's death of a note of Gustave Herter executed on November 8, 1919, in the fact amount of $200,000. (3) The decedent did not have any interest at the time of his death in the joint bank account in the names of Gustave Herter and Clarence Herter maintained at the Lawyers Trust Company in New York City. (4) The petitioner is entitled to a deduction for funeral and administration expenses in *251 the sum of $26,174, and for debts of the decedent to the extent of $4,113.75 under section 812(b) of the Code. (5) The item of $11,858.75 which is referred to in the deficiency notice at page 2, as an additional item under "Mortgages, Notes, and Cash," which item represents the balance on deposit at the date of decedent's death in an account with the Lawyer's Trust Company in the name of "Clarence S. Herter - Mortgage Account," is not includible in decedent's gross estate. (6) The Commissioner waives the 5 per cent delinquency penalty under section 3612(d)(1) of the Code, and such penalty shall not be asserted. Fair Market Value of Decedent's 29 Per Cent Undivided Interest in 902 Broadway The building known as 902 Broadway, New York City, is located in Block 849, on Lot 16. It is located on a plot of land having a frontage on Broadway of 96 feet, a frontage on 20th Street of 113.1 feet, and a frontage of 50 feet on 21st Street. The area of the plot is 15,946 square feet. The building was built in 1913; it was 32 years old in 1945. It is a fireproof, loft type building of steel frame, brick and concrete construction. It has 10 Otis elevators, an interior sprinkler system, *252 three steel pressure tanks in a roof penthouse, combination house and standpipe tank, four pumps, three large "Titusville" tubular boilers fired by barley coal, toilet rooms on each floor, and other facilities. The building has concrete floors. The building contains 20 floors, basement, penthouse, one store divided into two parts, lobby, and storage space. The condition of the building was "good" in 1945. The building has been well maintained. The location of the building with relation to transportation facilities is good. There has been no new construction in the vicinity of the building for 25 years. The gross rental of the building as of March 14, 1945 amounted to $168,427, and other income of $1,000 per year was received. Net rental as of March 14, 1945, after allowing for vacancies and rent losses, amounted to $152,584. Operating charges and fixed expenses, as of March 14, 1945, amounted to $102,050. Net income before depreciation, as of March 14, 1945, amounted to $50,534. In 1945, as of March 14, most of the building was leased to the City of New York, for use and occupancy by its Welfare Department. The Welfare Department occupied a store and basement and 11 *253 floors. The lease of the City of New York ran until about 1948. Rent control laws were in effect in 1945. The decedent, Clarence S. Herter, had two brothers, Gustave and Morris. Gustave was a surgeon in the German Army in World War I, and lost his United States citizenship. He became a citizen of Germany. He owned an undivided 35.8 per cent interest in the property at 902 Broadway. He died on March 6, 1945. On January 23, 1943, the United States Alien Property Custodian issued a Supervisory Order which related to the interest of Gustave Herter in 902 Broadway. Gustave Herter's last known address at that time was Stuttgart, Germany. On September 19, 1945, the Alien Property Custodian issued a Vestory Order by which the interest of Gustave Herter was vested in the Alien Property Custodian. Morris Herter had an undivided interest of 35.2 per cent in 902 Broadway. Morris Herter predeceased the decedent, Clarence S. Herter. On March 14, 1945, the fair market value of 902 Broadway was $775,000. On March 14, 1945, the fair market value of the undivided 29 per cent interest of the decedent, Clarence S. Herter, was $191,000. Opinion The question requires that this Court find *254 the fair market value on March 14, 1945 of the decedent's undivided 29 per cent interest in the property known as 902 Broadway. The petitioner relies upon the testimony of an expert witness. The petitioner claims that a discount of at least 15 per cent should be applied to the decedent's minority, undivided interest. The petitioner contends, further, that the discount should be increased to about 20 per cent because of an alleged adverse effect upon the fair market value of the decedent's interest, attributable to the Supervisory Order of the United States Alien Property Custodian which related to the undivided interest of Gustave Herter. The respondent relies upon the testimony of an expert witness who arrived at a fair market value of an amount greater than that which was arrived at by the expert witness of the petitioner. It is necessary first to find the fair market value of the entire property at the date of the decedent's death. Upon consideration of all of the evidence we find that the fair market value of the entire property on the date of death was $775,000. Upon the evidence it is held that the undivided, minority interest of the decedent in jointly held property *255 should be discounted by 15 per cent. ; ; . The mathematical value of the decedent's 29 per cent interest is $224,750 based upon the fair market value of the entire property on the date of death, namely, $775,000. Upon application of a 15 per cent discount for a minority interest in jointly held property we find that the fair market value of the decedent's 29 per cent interest on the date of his death was $191,000. Consideration has been given to the evidence relating to the complications resulting from the issuance of a Supervisory Order by the Alien Property Custodian in January of 1943. Whether or not the interest of the Alien Property Custodian in Gustave Herter's undivided 35.8 per cent interest in the jointly owned property had an adverse effect upon the value of Gustave's interest is a question which is not before us. We are unable to find from the evidence before us that the Alien Property Custodian's control over Gustave's undivided interest provides in fact a basis for increasing the minority interest discount *256 to a percentage in excess of the 15 per cent discount which is allowed. In our opinion, the factor represented by the control of the Alien Property Custodian over Gustave's interest in the property is sufficiently taken care of by allowance of the 15 per cent discount. Decision will be entered under Rule 50.